JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Richard Jackson

**DEFENDANTS**
Infrasource a/k/a Infrasource Services, Infrasources Construction, LLC and Quanta Services, INc.

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Montgomery**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Saffren & Weinberg, Marc A. Weinberg, Esq. 815 Greenwood Ave., Jenkintown, PA 19046, 215-576-0100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.S Section 1981
Brief description of cause:
Racial discrimination during employment

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: January 11, 2021
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1905 W. BERKS ST., PHILADELPHIA, PA 19121__

Address of Defendant: __600 CLARK AVENUE, STE. 3, KING OF PRUSSIA, PA__

Place of Accident, Incident or Transaction: __600 CLARK AVENUE, STE. 3, KING OF PRUSSIA, PA 19406__

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __01/11/2021__  Attorney-at-Law / Pro Se Plaintiff  Attorney I.D. # (if applicable): __60643__

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
 *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)*: _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
 *(Please specify):* _____

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __MARC A. WEINBERG__, counsel of record or pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __01/11/21__  Attorney-at-Law / Pro Se Plaintiff  Attorney I.D. # (if applicable): __60643__

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNTIED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD JACKSON<br>1905 W. Berks Street<br>Philadelphia, PA 19121<br>　　　Plaintiff,<br>　v.<br><br>INFRASOURCE a/k/a<br>INFRASOURCE SERVICES<br>600 Clark Avenue, Suite 3<br>King of Prussia, PA 19406<br>　　and<br>INFRASOUCE CONSTRUCTION, LLC<br>2311 Green Road, Ste. D<br>Ann Arbor, MI 48105<br>　　and<br>QUANTA SERVICES, INC.<br>2800 Post Oak Blvd., Ste 2600<br>Houston, TX 77056<br>　　　Defendants | Civil Action<br><br>Jury Trial Demanded |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1.      Plaintiff, Ricard Jackson, brings this action under 42 U.S.C.S. §1981. Plaintiff seeks equitable relief, compensatory and punitive damages, costs and attorney's fees from Defendants for Defendants' racial discrimination, retaliation, and other tortious actions.

### II. JURISDICTION AND VENUE

2.      Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331, 1343 and 42 U.S.C. §2000 e-5(f) and as this matter is one of Federal Question.

3.      Plaintiff has complied with all jurisdictional prerequisites as he is not required to exhaust his administrative remedies under 42 U.S.C.S. §1981.

1

4. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391 and 42 U.S.C.S. §1981.

5. At all times material hereto, Defendants, Infrasource a/k/a Infrasource Services, Infrasource Construction, LLC and Quanta Services, Inc., (hereinafter "Defendants") were "engaged in an industry affecting commerce" within the meanings of §701(a) and 701(b) of Title VII, 42 U.S.C. §2000e and 42 U.S.C.S. §1981.

6. At all times material hereto, Defendants were an "employer" as defined by §701(b) of Title VII, 42 U.S.C. §2000 e and 42 U.S.C.S. §1981.

7. At all times material hereto, Plaintiff is afforded the protections provided under 42 U.S.C.S. §1981 as Plaintiff was discriminated against, on the basis of his Race.

8. At all times material hereto, Plaintiff was subjected to severe and pervasive harassment as enumerated *supra*.

9. This Honorable Court maintains Jurisdiction over this matter as it is one of Federal Question.

## III. THE PARTIES

10. Claimant, Richard Jackson (hereinafter "Jackson"), is an adult male who is African American.

11. Upon information and belief, Defendants, Infrasource a/k/a Infrasource Services, Infrasource Construction, LLC, Quanta Services, Inc., own and operate Infrasource Services, with a registered address and a principal place of business located at the above-captioned address, and the Plaintiff was employed at the Infrasource location at 600 Clark Avenue, Suite 3, King of Prussia, Pennsylvania, 19406.

2

12. Upon information and belief, Matt Sarmento, was employed by Defendant as a supervisor, and at all times material hereto had the authority to discipline and terminate Sims.

13. At all times material hereto, the discrimination enumerated within this Complaint occurred within the Commonwealth of Pennsylvania, in Montgomery County.

IV. **FACTUAL BACKGROUND**

16. Plaintiff was hired by Defendants on or about September, 2013.

17. Plaintiff is an African-American male.

18. Upon information and belief, Plaintiff was responsible for organizing the tool shed at Defendants' location.

18. On or about January 12, 2017, Plaintiff was putting tools in order in the Defendants' tool shed, when Plaintiff found a scraper tool with the "n-word" written all over the scraper in permanent marker.

19. Plaintiff reported the incident to Matt Sarmento, and the tool was not seen again by the Plaintiff.

20. After Plaintiff reported the tool incident to Sarmento, Plaintiff was consistently denied overtime by the Defendants.

21. Upon information and belief, Plaintiff was only one of five (5) African American employees, out of Defendants approximately sixty (60) to seventy (70) employees.

22. Upon information and belief, all management at Defendants' King of Prussia location at the time of Plaintiff's employment were Caucasian.

23. Upon information and belief, Defendant consistently fired African-American employees, while keeping Caucasian employees employed.

3

24. At all times material hereto the harassment, hostile work environment and discrimination to which Plaintiff was subjected was unwelcome, severe and unreasonably altered the condition of his employment.

25. Defendants knew or should have know the "n-word" was written all over the tool, and that the Plaintiff would likely come across the tool while working in the tool shed.

26. Plaintiff was profoundly upset and affected by the discrimination, harassment and hostile work environment that he was subjected to during the course and scope of his employment.

27. The aforementioned conduct of Defendants and its employees was materially adverse and would dissuade a reasonable worker from exercising and/or attempting to exercise their rights and benefits under 42 U.S.C.S. §1981.

28. Defendant's aforesaid harassment and discriminatory conduct was unwelcome, unwanted and upsetting, the harassing conduct continued throughout the course of Plaintiff's employment with Defendants.

29. At no time did Defendant, or any of the principles, supervisors, managers, officers, directors, or agents of Defendant, institute an effective grievance procedure designed to eliminate racial discrimination of employees and no reasonable steps were taken to prevent the same in the workplace; and if said policy existed; Defendant failed to follow any requirements of said policy.

30. As a direct and proximate result of Defendant's aforesaid acts and omissions, the hostile work environment which was created thereby, and Defendants' discriminatory practices, Plaintiff:

4

    (a)    was caused pain and suffering, emotional injury and a loss of enjoyment of life; and

    (b)    suffered severe emotional distress, embarrassment, humiliation and depression.

## COUNT I

## RICHARD JACKSON V. DEFENDANTS

## **VIOLATION OF THE EQUAL RIGHTS UNDER THE LAW 42 U.S.C.S. § 1981**

31.    Plaintiff hereby incorporates by reference all of the aforementioned allegations set forth above.

32.    The conduct of Defendants and its treatment of Jackson, in his employment violated 42 U.S.C.S. §1981 as Plaintiff's constructive discharge, harassment, hostile work environment, and discrimination was based upon his Race.

WHEREFORE, Plaintiff, Richard Jackson, demands judgment against Defendants, including:

    (a)    A declaration that Defendants' actions as described herein violated Title 42 U.S.C.S. §1981;

    (b)    equitable and declaratory relief;

    (c)    compensatory damages for Plaintiff's loss of past and present future income and benefits, pain and suffering inconvenience, embarrassment, emotional distress and loss of enjoyment of life;

    (d)    punitive damages;

(e) payment of interest and Plaintiff's attorney's fees and costs associated with bring the claim; and

(f) such other relief as this Court may deem appropriate under the circumstances.

Respectfully submitted,

**SAFFREN & WEINBERG**

BY: _____
MARC A. WEINBERG, ESQUIRE
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
mweinberg@saffwein.com
P: (215) 576-0100

Dated: 1/11/21

6